IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No.: 3:06cr340–HEH
) Civil Action No.: 3:17cv227
ROGER JEROME BAYLOR, )
)
    Petitioner. )

## MEMORANDUM OPINION
(Dismissing Fed. R. Civ. P. 60(b) Motion as Successive § 2555 Motion)

By Memorandum Opinion and Order entered on March 24, 2011, the Court denied Roger Baylor's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF Nos. 378, 379.) The United States Court of Appeals for the Fourth Circuit dismissed Baylor's appeal. *United States v. Baylor*, 449 F. App'x 324, 325 (4th Cir. 2011). By Memorandum Order entered on October 9, 2012, the Court dismissed a second § 2255 motion filed by Baylor as successive and unauthorized. (ECF Nos. 436, 437.) Undeterred, on October 19, 2015, Baylor filed a motion pursuant to Federal Rule of Civil Procedure Rule 60(b)(6) ("Rule 60(b) Motion," ECF No. 482). As explained below, the Rule 60(b) Motion must be treated as a successive, unauthorized 28 U.S.C. § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996)

(citing 28 U.S.C. § 2244(b)(3)) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held "that district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)). Additionally, the Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion and an improper successive § 2255 motion:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (internal citation omitted). Here, Baylor's Rule 60(b) Motion raises challenges to his underlying drug convictions and sentence, rather than any defects in his federal habeas proceedings. Accordingly, the Court must treat the Rule 60(b) Motion as a

2

successive § 2255 motion. The Clerk will be directed to assign a civil action number to the successive, unauthorized § 2255 Motion (ECF No. 482). The § 2255 Motion will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Baylor has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order shall issue.

                                                 /s/
                                        Henry E. Hudson
                                        United States District Judge

Date: March 21 2017
Richmond, Virginia